|   |   |
|---|---|
| BENJAMIN CANO,<br><br>             Plaintiff,<br><br>      v.<br><br>S. SALMONSON, *et al.*,<br><br>             Defendants. | Case No.  2:24-cv-01568-DAD-JDP (PC)<br><br>**ORDER**<br><br>GRANTING PLAINTIFF'S FIRST APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DENYING HIS SECOND<br><br>ECF Nos. 6 & 7<br><br>**SCREENING ORDER**<br><br>FINDING THAT THE COMPLAINT FAILS TO STATE A COGNIZABLE CLAIM AND GRANTING LEAVE TO AMEND<br><br>ECF No. 1 |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff, a federal prisoner, brings this action against several federal officers of the Bureau of Prisons and alleges that they violated his due process rights by declining to recommend or assist to him in obtaining a sentencing reduction. ECF No. 1 at 3. The complaint, taken as true, fails to state a cognizable claim. I will give plaintiff an opportunity to amend before recommending that this action be dismissed. I will also grant plaintiff's first application to proceed *in forma pauperis*, ECF No. 6, and deny his second, ECF No. 7, as moot.

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff alleges that the named federal defendants violated his due process rights by failing to recommend o to assist in his attempts to obtain a reduced sentence.  Claims under section 1983 may be brought against state actors, but where, as here, the defendants are federal actors, the action can only proceed under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  The Supreme Court, however, has cautioned that a *Bivens* action for damages[1] is recognized only in three contexts: a Fourth Amendment claim based on a warrantless search; a Fifth Amendment claim for employment gender discrimination; and an Eighth Amendment claim for failure to provide adequate medical care to a prisoner.  *See Harrison v. Birtwell*, No. 2:24-cv-1413 CSK P, 2024 U.S. Dist. LEXIS 138302, *4-5 (E.D. Cal. Aug. 5, 2024) (collecting cases and describing the three recognized Bivens actions).  The Supreme Court has cautioned that recognizing new *Bivens* claims is highly disfavored.  *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017).  In weighing whether to extend *Bivens*, a court must ask "whether there is *any* rational reason (even one) to think that Congress is better suited to weigh the costs and benefits of allowing a damages action to proceed."  *Egbert v. Boule*, 596 U.S. 482, 496 (2022) (internal quotation marks omitted).  The Ninth Circuit has found that expanding *Bivens* and creating a new source of liability for federal prison officials is reason "enough to place it beyond the purview of the courts to create a remedy, because courts may not independently assess the costs and benefits of implying a cause of action."  *Chambers v. Herrera*, 78 F.4th 1100, 1106 (9th Cir. 2023) (internal quotation marks omitted).  Thus, I find that plaintiff's claims against these federal officials should not proceed.  Rather than recommending this action be dismissed immediately, I will grant him one opportunity to amend and explain why it should proceed.

Plaintiff is advised that the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  The amended

---

[1] A *Bivens* action may not proceed at all if it contemplates only injunctive or declaratory relief in the form of official government action.  *Ministerio Roca Solida v. McKelvey*, 820 F.3d 1090, 1093 (9th Cir. 2016) ("*Bivens* does not encompass injunctive and declaratory relief where, as here, the equitable relief sought requires official government action.").

1 complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

2     Accordingly, it is ORDERED that:

3     1.  Within thirty days from the service of this order, plaintiff must file an amended complaint that complies with this order.  If he fails to do so, I will recommend that this action be dismissed.

6     2.  The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

7     3.  Plaintiff's application to proceed *in forma pauperis*, ECF No. 6, is GRANTED, and his second application, ECF No. 7, is DENIED as moot.

IT IS SO ORDERED.

Dated:   September 16, 2024                         _____
                                                       JEREMY D. PETERSON
                                                       UNITED STATES MAGISTRATE JUDGE